Charles Joseph (CJ 9442)
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and proposed collective
action and class action members*



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**ANTHONY COULTRIP, ROBERT
CHENAULT, DAVID HADLEY, DANA
HIGGS on behalf of himself and others
similarly situated**


                    **Plaintiff,**



        **v.**

**PFIZER, INC.,** *et al.*


                    **Defendants.**
-------------------------------------------------------x

**Judge Hellerstein**

# 06 CV 9952

INDEX NO:


**COMPLAINT**


**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTIONS**


**DEMAND FOR JURY TRIAL**

1

## INTRODUCTION AND CERTAIN DEFINITIONS

1.     This is an action for violation of federal and state wage and hour laws by and on behalf of former and current employees of Defendants, referred to below as "Covered Employees." The Covered Employees include the Plaintiffs Anthony Coultrip, Robert Chenault, David Hadley, and Dana Higgs. Pursuant to a decision, policy and plan, the Covered Employees were and continue to be unlawfully classified by Defendants as exempt from laws requiring overtime pay, but in actuality, the employees were/are non-exempt and entitled to overtime pay.

2.     In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by any of the Defendants in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

    a.      Sales Representative

    b.      Health Care Representative

    c.      Professional Health Care Representative

    d.      Specialty Health Care Representative

    e.      Territory Sales Consultant

    f.      Professional Health Care Consultant

    g.      Senior Professional Health Care Consultant

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitation was or may have been tolled or suspended. The above job positions

(and any later revealed job positions held by employees who did substantially the same work) are referred to herein as "Covered Positions."

3.      In this pleading, "Defendants" means "defendants and each of them" and refers to the defendants named in the particular claim for relief in which the word "Defendants" appears. Defendants include Pfizer, Inc. and all domestic affiliates and subsidiaries.

4.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions. Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

6.      Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District and because Defendants' corporate headquarters in New York, New York. Venue is proper in this District also because there is personal jurisdiction in this District over all Defendants. Presently and at all times, Defendants have conducted substantial, continuous and systematic commercial activities in this District.

## PARTIES

7.      Defendant Pfizer, Inc. is a Delaware corporation with its principal place of business in New York, and which does business in the Southern District of New York.

3

Together with the other Defendants, Pfizer, Inc. does business in all fifty states and the United Stated Territories.

8.      Plaintiff Anthony Coultrip is a Missouri resident and was employed by Defendants in Illinois from on or around July 4, 2003 to on or around December 15, 2005. Mr. Coultrip was employed as a Health Care Representative until approximately June 2005 when he was promoted to the position of Professional Health Care Representative. Mr. Coultrip worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

9.      Plaintiff Robert Chenault is an Ohio resident who was employed by Defendants in Wisconsin from on or about January 16, 2004 to on or about May 22, 2006. Mr. Chenault was employed as a Sales Representative and he worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

10.     Plaintiff David Hadley is a Pennsylvania resident and was actively employed by Defendants from 1991 until on or about June 14, 2006.[1] Mr. Hadley worked in New York from 1991 until 1996; since 1996, Hadley has worked in Pennsylvania. Mr. Hadley was originally hired as a Professional Health Care Representative, in 1997, Mr. Hadley became a Specialty Representative, and in approximately May 2006, Mr. Hadley became a Territory Sales Consultant. Mr. Hadley worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

11.     Plaintiff Dana Higgs is a Pennsylvania resident and was employed by Defendants in Pennsylvania from approximately July 1984 until on or about June 22,

---

[1] Since June 14, 2006 Mr. Hadley has been on long term medical leave.

2006.  Ms. Higgs was originally hired as a Sales Representative for Pfizer.  Ms. Higgs remained a representative/consultant during her 20 years of employment, although her official position title changed several times due to promotions.  From 2003 until on or about June 22, 2006, Ms. Higgs official title was Senior Professional Health Consultant. Ms. Higgs worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

      12.     Plaintiffs are informed and believe and thereon allege at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and/or other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiffs and Covered Employees.  Plaintiffs are informed and believe and thereon allege, that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have know about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FACTS

      13.     Plaintiffs Chenault, Coultrip, Hadley, and Higgs are hereinafter collectively referred to as "Plaintiffs."

14.    Upon information and belief, Defendants employ thousands of pharmaceutical sales representatives in the United States and hundreds within the State of Pennsylvania.

15.    Plaintiffs and Covered Employees were paid a salary plus commissions for work performed.

16.    Specifically, upon information and belief, Defendants' managers, with the knowledge and consent of corporate management, systemically violated the law throughout Illinois, Pennsylvania, Wisconsin and the United States, in the following respects:

      a.)    Failing to pay employees at for hours worked in excess of forty hours per week; and

      b.)    Failing to maintain accurate records of employees' time.

17.    As set forth above, Plaintiffs were employed by Defendants. During this time, Plaintiffs on a regular basis worked over 40 hours per week.  Plaintiffs have sustained substantial losses from Defendants' failure to pay him overtime compensation.

18.    Upon information and belief, other hourly employees who worked for Defendants' stores throughout Illinois, Pennsylvania, Wisconsin and the United States and who are FLSA Collective Plaintiffs or members of the Illinois, Pennsylvania, and/or Wisconsin Classes were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

19.    Defendants, through their corporate management and regional and district managers, have deliberately trained, supervised, instructed, and authorized store

managers to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings the First Claim for Relief, for violation of the Fair Labor Standards Act ("FLSA"), as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees, as defined herein.

21.     At all relevant times, Plaintiffs and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time an a half rates for work in excess of forty (40) hours pre workweek, (2) willfully and inaccurately classifying them as exempt from overtime pay even though Defendants were aware that the Covered Employees were non-exempt and entitled to overtime pay, and (3) willfully failing to keep records required by the FLSA.  The claims of Plaintiff stated herein are essentially the same as those of the other Covered Employees.

22.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The Covered Employees are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – ILLINOIS

23.    Plaintiff Coultrip ("Illinois Plaintiff") brings his Illinois Minimum Wage Law claim, pursuant to Ill. Rev. Stat., ch. 820, para. 105/1 *et seq.* ("IMWL"), under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Defendants on or after the date that is three years before the filing of the Complaint in this case  (the "Illinois Class Period").

24.    The proposed class that the Illinois Plaintiff seeks to represent is defined as all persons who have been, are, or in the future will be employed in Illinois by Defendants in any of the "Covered Positions."  All said persons, including Plaintiff Coultrip, are referred to herein as the "Illinois Class." The class members are readily ascertainable.  The number and identity of the Illinois Class members are determinable from the records of Defendants.  The shifts assigned and worked, the positions held, and the rates of pay for each Illinois Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said Fed. R. Civ. Proc. 23.

25.    The proposed Illinois Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than two hundred (200) members of the Illinois Class.

26.     The claims of the Illinois Plaintiffs are typical of those claims which could be alleged by any member of the Illinois Class, and the relief sought is typical of the relief which would be sought by each member of the Illinois Class in separate actions. All the Illinois Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records.  Defendants' corporate-wide policies and practices affected all Illinois Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Illinois Class member.  Ms. Higgs and other Illinois Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27.     The Illinois Plaintiff is able to fairly and adequately protect the interests of the Illinois Class and has no interests antagonistic to the class. The Illinois Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Illinois Class members are small in the sense

9

pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Illinois Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual members of the Illinois Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Illinois Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     Upon information and belief, Defendants and other employers throughout the state violate the IMWA.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of brining claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

30.     There are questions of law and fact common to the Illinois Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendants employed or jointly employed the Illinois Plaintiff and the Illinois Class within the meaning of the Illinois law.

b)      What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

c)      What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

d)      What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

e)      Whether Defendants failed and/or refused to pay the Illinois Plaintiff and the Illinois Class premium pay for hours worked in excess of forty per workweek within the meaning of Illinois law.

f)      What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the class members at all.

g)      At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the class members for their work.

h)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

i)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices

11

regarding labor budgeting, that affect whether the class was paid at least the minimum wage for all work.

## RULE 23 CLASS ALLEGATIONS – PENNSYLVANIA

31.     Plaintiffs Hadley and Higgs ("Pennsylvania Plaintiffs") brings her Pennsylvania Minimum Wage Act of 1968 claim,  pursuant to Pa. Cons. Stat. §§ 333.101, *et seq.* ("PMWA"), under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Defendants on or after the date that is three years before the filing of the Complaint in this case  (the "Pennsylvania Class Period").

32.     The proposed class that the Pennsylvania Plaintiffs seeks to represent is defined as all persons who have been, are, or in the future will be employed in Pennsylvania by Defendants in any of the "Covered Positions." All said persons, including Plaintiff Higgs, are referred to herein as the "Pennsylvania Class." The class members are readily ascertainable.  The number and identity of the Pennsylvania Class members are determinable from the records of Defendants.  The shifts assigned and worked, the positions held, and the rates of pay for each Pennsylvania Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. Proc. 23.

33.     The proposed Pennsylvania Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of

Defendants, upon information and belief, there are more than two hundred (200) members of the Pennsylvania Class.

34.     The claims of the Pennsylvania Plaintiffs are typical of those claims which could be alleged by any member of the Pennsylvania Class, and the relief sought is typical of the relief which would be sought by each member of the Pennsylvania Class in separate actions.  All the Pennsylvania Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records.  Defendants' corporate-wide policies and practices affected all Pennsylvania Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Pennsylvania Class member.  Ms. Higgs and other Pennsylvania Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

35.     The Pennsylvania Plaintiffs is able to fairly and adequately protect the interests of the Pennsylvania Class and has no interests antagonistic to the class. The Pennsylvania Plaintiffs is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

36.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and

expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Pennsylvania Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Pennsylvania Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual members of the Pennsylvania Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Pennsylvania Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37.     Upon information and belief, Defendants and other employers throughout the state violate the PMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of brining claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38.    There are questions of law and fact common to the Pennsylvania Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed or jointly employed the Pennsylvania Plaintiffs and the Pennsylvania Class within the meaning of the Pennsylvania law.

b)    What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

c)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

d)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

e)    Whether Defendants failed and/or refused to pay the Pennsylvania Plaintiffs and the Pennsylvania Class premium pay for hours worked in excess of forty per workweek within the meaning of Pennsylvania law.

f)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the class members at all.

g)    At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the class members for their work.

h)    What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices

15

regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

i)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at least the minimum wage for all work.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

39.     Plaintiff Chenault ("Wisconsin Plaintiff") brings his Wisconsin Minimum Wage Law claim, pursuant to Wis. Stat. § 103.025 and Wis. Admin. Code § 274.03 ("WMWL"), under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Defendants on or after the date that is two years before the filing of the Complaint in this case  (the "Wisconsin Class Period").

40.     The proposed class that the Wisconsin Plaintiff seeks to represent is defined as all persons who have been, are, or in the future will be employed in Wisconsin by Defendants in any of the "Covered Positions."  All said persons, including Plaintiff Chenault, are referred to herein as the "Wisconsin Class." The class members are readily ascertainable.  The number and identity of the Wisconsin Class members are determinable from the records of Defendants.  The shifts assigned and worked, the positions held, and the rates of pay for each Wisconsin Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said Fed. R. Civ. Proc. 23.

41.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than two hundred (200) members of the Wisconsin Class.

42.     The claims of the Wisconsin Plaintiffs are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions.  All the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records.  Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member.  Mr. Chenault and other Wisconsin Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

43.     The Wisconsin Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the class. The Wisconsin Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour

17

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45.     Upon information and belief, Defendants and other employers throughout the state violate the WMWL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of brining claims

because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46.    There are questions of law and fact common to the Wisconsin Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed or jointly employed the Wisconsin Plaintiff and the Wisconsin Class within the meaning of the Wisconsin law.

b)    What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

c)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

d)    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

e)    Whether Defendants failed and/or refused to pay the Wisconsin Plaintiff and the Wisconsin Class premium pay for hours worked in excess of forty per workweek within the meaning of Wisconsin law.

f)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the class members at all.

g)      At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the class members for their work.

h)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

i)      What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at least the minimum wage for all work.

### FIRST CLAIM FOR RELIEF
**(for FLSA Overtime and
Record Keeping Violations)**

47.    Paragraphs 1 - 22 are incorporated here.

48.    Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.  At all relevant times, each defendant has had gross operating revenues in excess of $500,000.

49.    Throughout the statute of limitations period covered by these claims, Plaintiff and the other Covered Employees regularly worked in excess of forty (40) hours per workweek and continue to do so.

50.     At all relevant times, Defendants operated under and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Covered Employees at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Covered Employees have been and are entitled to overtime.

51.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and other Covered Employees at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

52.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff and the other Covered Employees, including records sufficient to the accurately determine the wages and hours of employment pertaining to plaintiffs and other Covered Employees.

53.     Plaintiff and the Covered Employees seek damages in the amount of their respective unpaid overtime compensation, liquidated (doubles) damages as provided by the FLSA for overtime violations, attorneys' fees and cost, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Illinois State Law Claims)

54.     Paragraphs 1 - 19 and 23 - 30 are incorporated here.

21

55.     At all relevant times, Defendants have employed, and continue to employ the Illinois Plaintiff and Illinois Class as "employee[s]" within the meaning of the IMWL.

56.     Throughout the Illinois Class Period, the Illinois Plaintiff and the Illinois Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

57.     At all relevant times, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Illinois Plaintiff and Illinois Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the IMWL.

58.     At all relevant times, Defendants, through its policies and practices described above, willfully violated the IMWL throughout the Illinois Class Period, as follows:

        a.)     By failing to pay the Illinois Plaintiff and Illinois Class members overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

        b.)     By failing to make, keep and preserve accurate time records with respect to the Illinois Plaintiff and Illinois Class members sufficient to determine their wages and hours; and

        c.)     By other practices in violation of the IMWL.

59.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the IMWL.

60.     Defendant willfully failed to pay Illinois Plaintiff and Illinois Class all wages owed to them, in violation of Ill. Rev. Stat., ch. 820, para. 115/4.

61.     As set forth above, the Illinois Plaintiff and Illinois Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Illinois Plaintiff, on behalf of himself and the Illinois Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under IMWL, Illinois Plaintiff and the Illinois Class are entitled to liquidated damages equal to 2% liquidated for each month which payments remain unpaid.

62.     Illinois Plaintiff, on behalf of himself and the Illinois Class, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendants, pursuant to IMWL.

## THIRD CLAIM FOR RELIEF
### (Pennsylvania State Law Claims)

63.     Paragraphs 1 - 19 and 31 - 38 are incorporated here.

64.     At all relevant times, Defendants have employed, and continue to employ the Pennsylvania Plaintiffs and Pennsylvania Class as "employee[s]" within the meaning of the PMWA.

65.     Throughout the Pennsylvania Class Period, the Pennsylvania Plaintiffs and the Pennsylvania Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

66.     At all relevant times, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Pennsylvania Plaintiffs and Pennsylvania Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the PMWA.

67.     At all relevant times, Defendants, through its policies and practices described above, willfully violated the PMWA throughout the Illinois Class Period, as follows:

> a.)     By failing to pay the Pennsylvania Plaintiffs and Pennsylvania Class members overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

> b.)     By failing to make, keep and preserve accurate time records with respect to the Pennsylvania Plaintiffs and Pennsylvania Class members sufficient to determine their wages and hours; and

> c.)     By other practices in violation of the PMWA.

68.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the PMWA.

69.     Defendant willfully failed to pay Pennsylvania Plaintiffs and Pennsylvania Class all wages owed to them, in violation of Pa. Cons. Stat. § 260.3.

70.     As set forth above, the Pennsylvania Plaintiffs and Pennsylvania Class members have sustained losses in their compensation as a proximate result of Defendants' violations.  Accordingly, Pennsylvania Plaintiffs, on behalf of himself and the Pennsylvania Class, seek damages in the amount of their respective unpaid

compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Pennsylvania laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Pa. Cons. Stat. § 260.10, Pennsylvania Plaintiffs and the Pennsylvania Class are entitled to liquidated damages equal to the greater of 15% of the wages due or $500.

71.     Pennsylvania Plaintiffs, on behalf of himself and the Pennsylvania Class, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendants, pursuant to PMWA.

**FOURTH CLAIM FOR RELIEF**
**(Wisconsin State Law Claims)**

72.     Paragraphs 1 - 19 and 39 – 46 are incorporated here.

73.     At all relevant times, Defendants have employed, and continue to employ the Wisconsin Plaintiff and Wisconsin Class as "employee[s]" within the meaning of the WMWL.

74.     Throughout the Wisconsin Class Period, the Wisconsin Plaintiff and the Wisconsin Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

75.     At all relevant times, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Wisconsin Plaintiff and Wisconsin Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the WMWL.

76.    At all relevant times, Defendants, through its policies and practices described above, willfully violated the WMWL throughout the Wisconsin Class Period, as follows:

    a.)    By failing to pay the Wisconsin Plaintiff and Wisconsin Class members overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

    b.)    By failing to make, keep and preserve accurate time records with respect to the Pennsylvania Plaintiffs and Pennsylvania Class members sufficient to determine their wages and hours; and

    c)    By other practices in violation of the WMWL.

77.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the WMWL.

78.    Defendant willfully failed to pay Wisconsin Plaintiff and Wisconsin Class all wages owed to them, in violation of Wis. Stat. § 109.03.

79.    As set forth above, the Wisconsin Plaintiff and Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations.  Accordingly, Wisconsin Plaintiff, on behalf of himself and the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Wisconsin Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal to up to 50% of unpaid wages.

80.     Wisconsin Plaintiff, on behalf of himself and the Wisconsin Class, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendants, pursuant to WMWL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the Covered Employees, pray for relief as follows:

A.     A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.     Designation of Plaintiffs as representatives of the FLSA Collective Action;

C.     Designation of Plaintiff Coultrip as representative of the Illinois Class;

D.     Designation of Plaintiffs Higgs and Hadley as representatives of the Pennsylvania Class;

E.     Designation of Plaintiff Chenault as representative of the Wisconsin Class;

F.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.     Penalties available under applicable law;

H.     Costs of action incurred herein, including expert fees;

I.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

J.     Pre-Judgment and post-judgment interest, as provided by law; and

27

K.      Such other and further legal and equitable relief as this Court

deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        October 18, 2006
                                    JOSEPH & HERZFELD, LLP


                                    By: _____
                                        Charles Joseph (CJ-9442)
                                        757 Third Avenue, Suite 2500
                                        New York, NY  10017
                                        Tel. (212) 688-5640
                                        Fax (212) 688-2548

                                    Eric B. Kingsley*
                                    Kingsley & Kingsley
                                    16133 Venture Blvd., Suite 1200
                                    Encino, CA 91436
                                    Tel. (818) 990-8300
                                    Fax (818) 990-2903
                                    * Seeking Admission *Pro Hac Vice*


                                    Attorneys for Plaintiffs and Proposed
                                    Collective Action and Class Action Members


## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all other Covered Employees, hereby demand a
jury trial on all causes of action and claims with respect to which they have a right to jury
trial.

28