a)   Whether Defendants employed or jointly employed the Pennsylvania Plaintiffs and the Pennsylvania Class within the meaning of the Pennsylvania law.

b)   What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

c)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

d)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

e)   Whether Defendants failed and/or refused to pay the Pennsylvania Plaintiffs and the Pennsylvania Class premium pay for hours worked in excess of forty per workweek within the meaning of Pennsylvania law.

f)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the class members at all.

g)   At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the class members for their work.

h)   What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

i) What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at least the minimum wage for all work.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

48. Plaintiff Chenault ("Wisconsin Plaintiff") brings his Wisconsin Minimum Wage Law claim, pursuant to Wis. Stat. § 103.025 and Wis. Admin. Code § 274.03 ("WMWL"), under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Defendants on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

49. The proposed class that the Wisconsin Plaintiff seeks to represent is defined as all persons who have been, are, or in the future will be employed in Wisconsin by Defendants in any of the "Covered Positions." All said persons, including Plaintiff Chenault, are referred to herein as the "Wisconsin Class." The class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The shifts assigned and worked, the positions held, and the rates of pay for each Wisconsin Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. Proc. 23.

50. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and

the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than two hundred (200) members of the Wisconsin Class.

51. The claims of the Wisconsin Plaintiffs are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Mr. Chenault and other Wisconsin Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

52. The Wisconsin Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the class. The Wisconsin Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a

large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

54.     Upon information and belief, Defendants and other employers throughout the state violate the WMWL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of brining claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the

complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

55.  There are questions of law and fact common to the Wisconsin Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed or jointly employed the Wisconsin Plaintiff and the Wisconsin Class within the meaning of the Wisconsin law.

   b) What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

   c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

   d) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

   e) Whether Defendants failed and/or refused to pay the Wisconsin Plaintiff and the Wisconsin Class premium pay for hours worked in excess of forty per workweek within the meaning of Wisconsin law.

   f) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the class members at all.

   g) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the class members for their work.

h) What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

i) What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at least the minimum wage for all work.

### FIRST CLAIM FOR RELIEF
### (for FLSA Overtime and
### Record Keeping Violations)

56. Paragraphs 1 - 23 are incorporated here.

57. Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA. At all relevant times, each defendant has had gross operating revenues in excess of $500,000.

58. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

59. At all relevant times, Defendants operated under and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA

Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

60. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and other FLSA Collective Plaintiffs at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

61. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff and the other FLSA Collective Plaintiffs, including records sufficient to the accurately determine the wages and hours of employment pertaining to plaintiffs and other FLSA Collective Plaintiffs.

62. Plaintiff and the FLSA Collective Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (doubles) damages as provided by the FLSA for overtime violations, attorneys' fees and cost, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as this Court deems just and proper.

### SECOND TO SIXTH CLAIMS FOR RELEIF- CALIFORNIA STATE LAW CLAIMS
### Brought by California Plaintiffs on Behalf of Himself and the California Class)

### SECOND CLAIM FOR RELIEF
### (California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*

63. The California Plaintiff, on behalf of himself and the California Class, realleges and incorporates by reference paragraphs 1-20 and 24-31.

64. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

65. Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has damaged the California Plaintiff and the California Class by wrongfully denying their earned wages, and therefore was substantially injurious to The California Plaintiff.

66. Defendants' course of conduct, acts, and practices in violation of California laws constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

67. The harm to the California Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

68. The unlawful and unfair business practices and acts of Defendant, as described above, has injured the California Plaintiff and the California Class in that they were wrongfully denied the payment of earned compensation, both at their regular rate and overtime wages.

69. The California Plaintiff and the California Class seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and applicable law.

70. The California Plaintiff and the California Class seek damages in the amount of the respective unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week and/or 8 hours per day, attorneys' fees, and cost of suit and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (California Overtime Provisions
### Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, and 1194.5

71. The California Plaintiff, on behalf of himself and the California Class, realleges and incorporates by reference paragraphs 1-20 and 24-31.

72. It is unlawful under California law for an employer to suffer or permit an employee to work without paying wages for all hours worked, including overtime wages for work in excess of eight (8) hour workdays and/or forty (40) hour workweeks.

73. The California Plaintiff and the California Class were not properly compensated for hours that he worked in excess of eight (8) hours per weekday and/or forty (40) hours per week.

74. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Plaintiff and the California Class have sustained damages, including loss of earnings, in an amount to be established at trial.

75. The California Plaintiff and the California Class seek damages in the amount of the respective unpaid overtime compensation, plus penalties, as provided by state law, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and such other legal and equitable relief as the Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (California Waiting Period Penalties, Cal. Labor Code §§ 201-203 Brought by Plaintiffs on Behalf of Themselves and the Class)

76. The California Plaintiff, on behalf of himself and the California Class, realleges and incorporates by reference paragraphs 1-20 and 24-31.

77. A California employer must compensate an employee that terminates his employment not later than 72 hours thereafter.

78. Defendant failed to pay The California Plaintiff and members of the California Class whose employment terminated the overtime compensation they were owed within 72 hours of the termination of their employment.

79. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, The California Plaintiff and the California Class have sustained damages, including loss of earnings, in an amount to be established at trial.

80. The California Plaintiff and the California Class are entitled to seek penalties under Labor Code § 203 equal to their regular rate of pay for period of 30 days.

### FIFTH CLAIM FOR RELIEF
### (California Record-Keeping Provisions, Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, & 1174.5 Brought by Plaintiffs on Behalf of Themselves and the Class)

81. The California Plaintiff, on behalf of himself and the California Class, realleges and incorporates by reference paragraphs 1-20 and 24-31.

82. By failing to record, report, and/or compensate The California Plaintiff and the California Class for compensable time performed before and after their regularly scheduled shifts, Defendants have failed knowingly and intentionally to make, keep, maintain, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of Labor Code §§ 226(a), 1174(d) and the IWC Wage Order.

83. The California Plaintiff and the California Class are entitled to and seek injunctive relief requiring Defendants to comply with Cal. Labor Code §§ 226(a) and 1174(d), and further seek penalties under Cal. Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or one hundred dollars ($100) for the initial pay period in which a violation occurs and two hundred dollars ($200) per employee for each violation in a subsequent pay period.

### SIXTH CLAIM FOR RELIEF
### (California Meal and Rest Period Provisions, Cal. Labor Code §§ 226.7 & 512, and CA Wage Order No. 4
### Brought by Plaintiffs on Behalf of
### Themselves and the Class)

84. The California Plaintiff, on behalf of himself and the California Class, realleges and incorporate by reference all previous paragraphs as if they were set forth again herein.

85. Defendant failed to provide the California Plaintiff and the California Class with a half-hour meal break for every work period of more than five hours per day

and ten minute rest period for every four hours worked, in violation of Cal. Labor Code § 512 and the IWC Wage Order.

86. Under Labor Code §§ 226.7, the California Plaintiff and the California Class are entitled to seek one additional hour of pay at the Plaintiffs' regular rate of compensation for each meal or rest period not provided.

## SEVENTH CLAIM FOR RELIEF
### (Illinois State Law Claims)

87. Paragraphs 1 - 20 and 32 - 39 are incorporated here.

88. At all relevant times, Defendants have employed, and continue to employ the Illinois Plaintiff and Illinois Class as "employee[s]" within the meaning of the IMWL.

89. Throughout the Illinois Class Period, the Illinois Plaintiff and the Illinois Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

90. At all relevant times, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Illinois Plaintiff and Illinois Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the IMWL.

91. At all relevant times, Defendants, through its policies and practices described above, willfully violated the IMWL throughout the Illinois Class Period, as follows:

a.) By failing to pay the Illinois Plaintiff and Illinois Class members overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

b.) By failing to make, keep and preserve accurate time records with respect to the Illinois Plaintiff and Illinois Class members sufficient to determine their wages and hours; and

c.) By other practices in violation of the IMWL.

92. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the IMWL.

93. Defendant willfully failed to pay Illinois Plaintiff and Illinois Class all wages owed to them, in violation of Ill. Rev. Stat., ch. 820, para. 115/4.

94. As set forth above, the Illinois Plaintiff and Illinois Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Illinois Plaintiff, on behalf of himself and the Illinois Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under IMWL, Illinois Plaintiff and the Illinois Class are entitled to liquidated damages equal to 2% liquidated for each month which payments remain unpaid.

95. Illinois Plaintiff, on behalf of himself and the Illinois Class, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendants, pursuant to IMWL.

## EIGTH CLAIM FOR RELIEF

## (Pennsylvania State Law Claims)

96. Paragraphs 1 - 20 and 40 - 47 are incorporated here.

97. At all relevant times, Defendants have employed, and continue to employ the Pennsylvania Plaintiffs and Pennsylvania Class as "employee[s]" within the meaning of the PMWA.

98. Throughout the Pennsylvania Class Period, the Pennsylvania Plaintiffs and the Pennsylvania Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

99. At all relevant times, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Pennsylvania Plaintiffs and Pennsylvania Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the PMWA.

100. At all relevant times, Defendants, through its policies and practices described above, willfully violated the PMWA throughout the Illinois Class Period, as follows:

 a.) By failing to pay the Pennsylvania Plaintiffs and Pennsylvania Class members overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

 b.) By failing to make, keep and preserve accurate time records with respect to the Pennsylvania Plaintiffs and Pennsylvania Class members sufficient to determine their wages and hours; and

 c.) By other practices in violation of the PMWA.

33

101. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the PMWA.

102. Defendant willfully failed to pay Pennsylvania Plaintiffs and Pennsylvania Class all wages owed to them, in violation of Pa. Cons. Stat. § 260.3.

103. As set forth above, the Pennsylvania Plaintiffs and Pennsylvania Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Pennsylvania Plaintiffs, on behalf of themselves and the Pennsylvania Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Pennsylvania laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Pa. Cons. Stat. § 260.10, Pennsylvania Plaintiffs and the Pennsylvania Class are entitled to liquidated damages equal to the greater of 15% of the wages due or $500.

104. Pennsylvania Plaintiffs, on behalf of himself and the Pennsylvania Class, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendants, pursuant to PMWA.

### NINTH CLAIM FOR RELIEF
### (Wisconsin State Law Claims)

105. Paragraphs 1 - 20 and 48 – 55 are incorporated here.

106. At all relevant times, Defendants have employed, and continue to employ the Wisconsin Plaintiff and Wisconsin Class as "employee[s]" within the meaning of the WMWL.

107. Throughout the Wisconsin Class Period, the Wisconsin Plaintiff and the Wisconsin Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

108. At all relevant times, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Wisconsin Plaintiff and Wisconsin Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the WMWL.

109. At all relevant times, Defendants, through its policies and practices described above, willfully violated the WMWL throughout the Wisconsin Class Period, as follows:

 a.) By failing to pay the Wisconsin Plaintiff and Wisconsin Class members overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

 b.) By failing to make, keep and preserve accurate time records with respect to the Pennsylvania Plaintiffs and Pennsylvania Class members sufficient to determine their wages and hours; and

 c.) By other practices in violation of the WMWL.

110. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the WMWL.

111. Defendant willfully failed to pay Wisconsin Plaintiff and Wisconsin Class all wages owed to them, in violation of Wis. Stat. § 109.03.

112.  As set forth above, the Wisconsin Plaintiff and Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Wisconsin Plaintiff, on behalf of himself and the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Wisconsin Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal to up to 50% of unpaid wages.

113.  Wisconsin Plaintiff, on behalf of himself and the Wisconsin Class, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendants, pursuant to WMWL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the Covered Employees, pray for relief as follows:

A.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and/or state laws;

B.  Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.  Designation of Plaintiffs as representatives of the FLSA Collective Action;

    D.    Certification of the California State law claims as a class action brought pursuant to FRCP Rule 23;

    E.    Designation of the California Plaintiff as a representatives of the California Class;

    F.    Certification of the Illinois State law claims as a class action brought pursuant to FRCP Rule 23;

    G.    Designation of Plaintiff Coultrip as representative of the Illinois Class;

    H.    Certification of the Pennsylvania State law claims as a class action brought pursuant to FRCP Rule 23;

    I.    Designation of Plaintiffs Higgs and Hadley as representatives of the Pennsylvania Class;

    J.    Certification of the Wisconsin State law claims as a class action brought pursuant to FRCP Rule 23;

    K.    Designation of Plaintiff Chenault as representative of the Wisconsin Class;

    L.    An award of damages and/or restitution, according to proof, including liquidated damages, to be paid by Defendants;

    M.    Penalties available under applicable law;

    N.    Costs of action incurred herein, including expert fees;

    O.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable state statutes;

    P.    Pre-Judgment and post-judgment interest, as provided by law; and

Q. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
November __, 2006

Respectfully submitted,

JOSEPH & HERZFELD, LLP

By: _____
Charles Joseph (CJ-9442)
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

Attorneys for Plaintiffs and Proposed
Collective Action and Class Action Members

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all other Covered Employees, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.