

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY COULTRIP, ROBERT
CHENAULT, DAVID HADLEY, DANA
HIGGS, BENAIAS ALBARRAN,
AMANDA BOAL, and ANGELA
COHEN, on behalf of themselves and
others similarly situated,

       Plaintiffs,

  -against-

PFIZER, INC.,

       Defendant.

**Index No.: 06 Civ. 09952 (JCF)**

**ECF CASE**

**FIRST CONSOLIDATED
COMPLAINT**

**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTIONS**

**DEMAND FOR JURY TRIAL**

---

AYISHA JETER, on behalf of herself and
all others similarly situated,

       Plaintiff,

  -against-

PFIZER, INC.,

       Defendant.

**Index No.: 06 Civ. 15200 (JCF)**

---

FERNANDO OBLITAS-RIOS, on behalf
of himself and all others similarly situated,

       Plaintiff,

  -against-

PFIZER, INC., a California Corporation,

       Defendant.

**Index No.: 07 Civ. 04532 (JCF)**

## INTRODUCTION AND CERTAIN DEFINITIONS

1.      This is an action for violation of federal and state wage and hour laws by and on behalf of former and current employees of Defendant, Pfizer, Inc., referred to below as "Covered Employees."  The Covered Employees include the Named Plaintiffs Benaias Albarran, Anthony Coultrip, Robert Chenault, David Hadley, Dana Higgs, Ayisha Jeter, Fernando Oblitas-Rios, Amanda Boal, and Angela Cohen ("Named Plaintiffs" or "Plaintiffs").  Pursuant to a decision, policy, and plan, the Covered Employees were and continue to be unlawfully classified by Defendant as exempt from laws requiring overtime pay, but in actuality, the employees were/are non-exempt and entitled to overtime pay.

2.      In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by Defendant in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

    a.      Sales Representative;

    b.      Healthcare Representative;

    c.      Professional Healthcare Representative;

    d.      Specialty Healthcare Representative;

    e.      Territory Sales Consultant;

    f.      Professional Healthcare Consultant;

    g.      Senior Professional Healthcare Consultant;

    h.      Therapeutic Specialty Representative;

      i.      Institutional Healthcare Representative;

and who were employed during the statute of limitations period for the particular claim

for relief in which the term Covered Employees is used, including time during which the

statute of limitations was or may have been tolled or suspended.  The above job positions

(and any later revealed job positions held by employees who did substantially the same

work) are referred to herein as "Covered Positions."

      3.      In this pleading, "Defendant" or "Pfizer" means Pfizer, Inc. and all

domestic affiliates and subsidiaries.

      4.      The allegations in this pleading are made without any admission that, as to

any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions.

Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

      5.      This Court has original federal question jurisdiction under 28 U.S.C. §

1331 insofar as this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§

201, *et seq*.  This Court has supplemental jurisdiction over the state law claims, presently

brought under the laws of California, Illinois, and New York, but possibly consisting of

the laws of other states, as may be revealed in discovery.  The state law claims are so

related to the claims within the Court's original jurisdiction that they form part of the

same case or controversy under Article III of the United States Constitution.

      6.      Additionally, this Court has jurisdiction over the  New York state law

claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), as

alleged by Defendant in its December 15, 2006 Notice of Removal in the Jeter Action,

No. 06 Civ. 15200.  Specifically, the matter in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs; (b) the action is a "class action" as defined under 28 U.S.C. § 1332(d)(1)(B); (c) there are more than 100 putative class members; (d) members of the class were, at the time the Jeter Complaint was filed, citizens of a State different from Pfizer; and (e) upon Pfizer's information and belief, more than one-third of the class members were, at the time the Jeter Complaint was filed, citizens of a State other than New York.

7.      Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District and because Defendant's corporate headquarters is in New York, New York.  Venue is proper in this District also because there is personal jurisdiction in this District over Defendant.  Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this District.

## DEMAND FOR JURY TRIAL

8.      The Named Plaintiffs, on behalf of themselves and all other Covered Employees, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

## PARTIES

9.      Defendant Pfizer, Inc. is a Delaware corporation with its principal place of business in New York, and which does business in the Southern District of New York. Pfizer does business in all fifty states and the United States Territories.

10.     Plaintiff Anthony Coultrip is a Missouri resident and was employed by Defendant in Illinois from July 4, 2003 through December 15, 2005.  Mr. Coultrip was employed as a Healthcare Representative until approximately June 2005 when he was

promoted to the position of Professional Healthcare Representative.  Mr. Coultrip worked

hours in excess of forty (40) hours per workweek, without receiving overtime

compensation as required by federal and state laws.

11.     Plaintiff Robert Chenault is an Ohio resident who was employed by

Defendant in Wisconsin from on or about January 16, 2004 to on or about May 22,

2006.  Mr. Chenault was employed as a Sales Representative and he worked hours in

excess of forty (40) hours per workweek, without receiving overtime compensation as

required by federal and state laws.

12.     Plaintiff David Hadley was a Pennsylvania resident at the time the

Coultrip case was filed and is currently a Florida resident.  He was actively employed by

Defendant from 1991 until on or about June 14, 2006.[1]  Mr. Hadley worked in New York

from 1991 until 1996; starting in 1996, Hadley worked in Pennsylvania.  Mr. Hadley was

originally hired as a Professional Healthcare Representative.  In 1997, Mr. Hadley

became a Specialty Representative, and in approximately May 2006, Mr. Hadley became

a Territory Sales Consultant.  Mr. Hadley worked hours in excess of forty (40) hours per

workweek, without receiving overtime compensation as required by federal and state

laws.

13.     Plaintiff Dana Higgs is a Pennsylvania resident and was employed by

Defendant in Pennsylvania from July 23, 1984 until on or about May 22, 2006.  Ms.

Higgs was originally hired as a Sales Representative for Pfizer.  Ms. Higgs remained a

representative consultant during her 20 years of employment although her official

position title changed several times due to promotions.  From 2003 until on or about May

---

[1] Starting June 14, 2006, Mr. Hadley went on long term medical leave.

22, 2006, Ms. Higgs' official title was Senior Professional Health Consultant.  Ms. Higgs worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

14.   Plaintiff Benaias Albarran is a California resident and was employed by Defendant in California from approximately April 2004 until on or about October 2006.  Mr. Albarran's official title was Healthcare Representative, and he worked hours in excess of forty (40) hours per workweek and eight (8) hours per workday, without receiving overtime compensation as required by federal and state laws.

15.   Plaintiff Ayisha Jeter was a New York resident at the time the Jeter Complaint was filed and is currently a resident of California.  She was employed by Defendant from on or about November 2001 through on or about June 30, 2007.  From on or about November 30, 2001 to on or about September 1, 2003 she was employed by Pfizer in Illinois.  From on or about September 1, 2003 through on or about July 16, 2006, Ms. Jeter was employed by Pfizer in California.  On or about July 16, 2006, Ms. Jeter relocated to New York City, where she continued to work for Pfizer in the position of Specialty Representative until she left Pfizer.   Ms. Jeter worked hours in excess of forty (40) hours per workweek and ten (10) hours per workday, without receiving overtime compensation as required by federal and state laws.

16.   Plaintiff Fernando Oblitas-Rios is a California resident and was employed by Defendant in California from approximately late 1999 until approximately October 2005.  At the time he left Pfizer, Plaintiff Oblitas-Rios's official title was Healthcare Representative, and he worked hours in excess of forty (40) hours per workweek and

eight (8) hours per workday, without receiving overtime compensation as required by federal and state laws.

17.    Plaintiff Amanda Boal is a California resident and was employed by Defendant in California from on or about July 13, 2001 until approximately April 2005.[2] Ms. Boal was originally hired in the position of Healthcare Representative 1.  After approximately eighteen (18) months, she was promoted to the title of Healthcare Representative 2.  Ms. Boal worked hours in excess of forty (40) hours per workweek and eight (8) hours per workday, without receiving overtime compensation as required by federal and state laws.

18.    Plaintiff Angela Cohen is a New York resident and was employed by Defendant in New York from approximately July 2002 until approximately March 2007. Ms. Cohen was originally hired as a Healthcare Representative.  After approximately three (3) years, she was promoted to the position of a Professional Healthcare Representative.  Ms. Cohen worked hours in excess of forty (40) hours per workweek and ten (10) hours per workday, without receiving overtime compensation as required by federal and state laws.

19.    Plaintiffs are informed and believe and thereon allege at all relevant times Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and/or other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiffs and Covered Employees.

---

[2]  Ms. Boal was on leave from November 1, 2004 through the end of her employment with Pfizer.

## FACTS

20.     Plaintiffs Chenault, Coultrip, Hadley, Higgs, Albarran, Jeter, Oblitas-Rios, Boal, and Cohen are collectively referred to as the "Named Plaintiffs" or "Plaintiffs."

21.     Defendant employs thousands of pharmaceutical sales representatives in the United States, and hundreds within the States of California, New York, and Illinois.

22.     Named Plaintiffs and Covered Employees are/were primarily responsible for meeting with a Pfizer-generated list of physicians within their assigned territory to provide Pfizer-approved information about Pfizer's pharmaceutical products.   They did not and do not sell Pfizer's products to physicians or to anyone else.

23.     Named Plaintiffs and Covered Employees were paid a salary plus "commissions" for work performed.

24.     Specifically, upon information and belief, Defendant's managers, with the knowledge and consent of corporate management, systemically violated the law throughout California, New York, Illinois, and the United States, in the following respects:

   a. Failing to pay employees overtime compensation for hours worked in excess of forty hours per week;

   b. Failing to maintain accurate records of employees' time;

   c. Failing to pay California Class members overtime compensation for hours worked in excess of eight hours per day, for meal and rest breaks, and in a timely manner upon their termination of employment; and

   d. Failing to pay New York Class members spread hours compensation for hours worked in excess of ten hours per day.

25.     As set forth above, Plaintiffs were employed by Defendant.  During this time, Plaintiffs worked over 40 hours per week and eight hours per day on a regular basis. Plaintiffs have sustained substantial losses from Defendant's failure to pay them overtime compensation.

26.     Other hourly employees who worked for Defendant throughout California, New York, Illinois, and the United States and who are FLSA Collective Plaintiffs or members of the California, Illinois, and/or New York State Law classes were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendant.

27.     Defendant, through its corporate management and regional and district managers, has deliberately trained, supervised, instructed, and authorized their managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees employed by Defendant within the statute of limitations ("FLSA Collective Plaintiffs").

29.     At all relevant times, the Named Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's decisions, plans, policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time and a half rates for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately classifying them

as exempt from overtime pay even though Defendant was aware that the FLSA

Collective Plaintiffs were non-exempt and entitled to overtime pay, and (3) willfully

failing to keep records required by the FLSA.

30.     The First Claim for Relief is properly brought under and maintained as an

opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA

Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes

related to this action, their names and addresses are readily available from the Defendant.

Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last

address known to Defendant.

### RULE 23 CLASS ALLEGATIONS – CALIFORNIA

31.     Plaintiffs Albarran, Oblitas-Rios, and Boal ("California Plaintiffs") bring

the California Claims for Relief, pursuant to Federal Rule of Civil Procedure ("FRCP")

23, on behalf of all persons who were, are, or will be employed by Defendant on or after

the date that is four years before the filing of the initial Complaint in this case (the

"California Class Period").

32.     The proposed class that the California Plaintiffs seek to represent is

defined as all persons who have been, are, or will be employed in California by

Defendant in any of the "Covered Positions" during the California Class Period.  All said

persons, including Plaintiffs Albarran, Oblitas-Rios, and Boal, are referred to herein as

the "California Class."  The California Class members are readily ascertainable.  The

number and identity of the California Class members are determinable from the records

of Defendant.  The hours assigned and worked, the positions held, and the rates of pay for

each California Class member are also determinable from Defendant's records.  For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under said FRCP 23.

33.    The proposed California Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  There are more than twelve hundred (1200) members of the California Class.

34.    The claims of the California Plaintiffs are typical of those claims which could be alleged by any member of the California Class, and the relief sought is typical of the relief which would be sought by each member of the California Class in separate actions.  All the California Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records.  Defendant's corporate-wide policies and practices affected all California Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each California Class member.  The California Plaintiffs and other California Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

35.    The California Plaintiffs are able to fairly and adequately protect the interests of the California Class and have no interests antagonistic to the class.  The California Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

36.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual California Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual California Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources.  Treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual members of the California Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the California Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

   37. Upon information and belief, Defendant and other employers throughout California violate the California Labor Code, Wage Orders, and Business and Professions Code.  Current employees are often afraid to assert their rights out of fear of direct or

indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38.    There are questions of law and fact common to the California Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed or jointly employed the California Plaintiffs and the California Class members within the meaning of California law;

b.    What proof of hours is sufficient where Defendant failed in its duty to maintain time records;

c.    What were the policies, practices, programs, procedures, protocols, and plans of Defendant regarding payment of overtime wages;

d.    What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked;

e.    Whether Defendant failed and/or refused to pay the California Plaintiffs and the California Class premium pay for hours worked in excess of forty per workweek or eight hours per workday within the meaning of California law;

f.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the California Class members at all;

g.   At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the California class members for their work;

h.   What are the common conditions of employment in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the California Class was paid at overtime rates for overtime work;

i.   Whether Defendant compensated class members that terminated their employment all wages owed them immediately upon the termination of their employment as required by California law; and

j.   Whether Defendant provided Plaintiffs with rest periods and meal breaks as required by California law.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

39.   Plaintiffs Jeter and Cohen ("New York Plaintiffs") bring the New York State Law Claims pursuant to FRCP 23, on behalf of all persons who were, are, or will be employed by Defendant on or after the date that is six years before the filing of the initial Complaint in the Jeter case (the "New York Class Period").

40.   The proposed class that the New York Plaintiffs seek to represent is defined as all persons who have been, are, or will be employed in New York by Defendant in any of the "Covered Positions" during the New York Class Period.  All said persons, including Plaintiffs Jeter and Cohen, are referred to herein as the "New York Class."  The New York Class members are readily ascertainable.  The number and identity of the New York Class members are determinable from the records of Defendant.

The hours assigned and worked, the positions held, and the rates of pay for each New York Class member are also determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under said FRCP 23.

41.     The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  There are over eight hundred and fifty (850) members of the New York Class.

42.     The claims of the New York Plaintiffs are typical of those claims which could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.  All the New York Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records.  Defendant's corporate-wide policies and practices affected all New York Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each New York Class member.  The New York Plaintiffs and other New York Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

43.     The New York Plaintiffs are able to fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class.  The New York Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual New York Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New York Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources.  Treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual members of the New York Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the New York Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45.     Upon information and belief, Defendant and other employers throughout New York violate the New York Labor Law and supporting State Department of Labor Regulations.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46.     There are questions of law and fact common to the New York Class which predominate over any questions affecting only individual class members, including, but not limited to:

    a.     Whether Defendant improperly classified the New York Plaintiffs and New York Class members as exempt from the overtime pay requirements of New York law;

    b.     Whether Defendant unlawfully failed to pay overtime compensation in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq., the Wage Payment Act, New York Labor Law § 190 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

    c.     Whether Defendant's conduct was willful under New York Labor Law § 663;

    d.     Whether Defendant unlawfully failed to keep and furnish the New York Plaintiffs and the other members of the New York Class with records of

hours worked, in violation of the New York Minimum Wage Act, New

York Labor Law § 650 *et seq.*, the Wage Payment Act, New York Labor

Law § 190 *et seq.*, and the supporting New York State Department of

Labor regulations, 12 N.Y.C.R.R. Part 142;

e.     Whether the New York Plaintiffs and the other members of the New York

Class are entitled to damages, and if so, the means of measuring such

damages;

f.      Whether the New York Plaintiffs and the other members of the New York

Class are entitled to liquidated damages under New York Labor Law §

663; and

g.     Whether Defendant is liable for attorneys' fees and costs.

## RULE 23 CLASS ALLEGATIONS – ILLINOIS

47.     Plaintiff Coultrip ("Illinois Plaintiff") brings his Illinois Minimum Wage

Law claim, Ill. Rev. Stat., ch. 820, para. 105/1 *et seq.* ("IMWL"), pursuant to FRCP 23,

on behalf of all persons who were, are, or will be employed by Defendant on or after the

date that is three years before the filing of the Complaint in this case (the "Illinois Class

Period").

48.     The proposed class that the Illinois Plaintiff seeks to represent is defined

as all persons who have been, are, or will be employed in Illinois by Defendant in any of

the "Covered Positions" during the Illinois Class Period.  All said persons, including

Plaintiff Coultrip, are referred to herein as the "Illinois Class."  The class members are

readily ascertainable.  The number and identity of the Illinois Class members are

determinable from the records of Defendant.  The shifts assigned and worked, the

positions held, and the rates of pay for each Illinois Class member are also determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under FRCP 23.

49.    The proposed Illinois Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  There are more than five hundred (500) members of the Illinois Class.

50.    The claims of the Illinois Plaintiff are typical of those claims which could be alleged by any member of the Illinois Class, and the relief sought is typical of the relief which would be sought by each member of the Illinois Class in separate actions. All the Illinois Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records.  Defendant's corporate-wide policies and practices affected all Illinois Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Illinois Class member.  Mr. Coultrip and other Illinois Class members sustained similar losses, injuries, and damages arising from the same unlawful practices and procedures.

51.    The Illinois Plaintiff is able to fairly and adequately protect the interests of the Illinois Class and has no interests antagonistic to the class.  The Illinois Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

52.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Illinois Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Illinois Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual members of the Illinois Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Illinois Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

53.     Upon information and belief, Defendant and other employers throughout Illinois violate the IMWL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

54.     There are questions of law and fact common to the Illinois Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed or jointly employed the Illinois Plaintiff and the Illinois Class within the meaning of Illinois law;

b.      What proof of hours is sufficient where Defendant failed in its duty to maintain time records;

c.      What were the policies, practices, programs, procedures, protocols, and plans of Defendant regarding payment of overtime wages;

d.      What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked;

e.      Whether Defendant failed and/or refused to pay the Illinois Plaintiff and the Illinois Class members premium pay for hours worked in excess of forty per workweek within the meaning of Illinois law;

f.      What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the class members at all;

g.      At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the class members for their work;

h.      What are the common conditions of employment in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work; and

i.      What are the common conditions of employment in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at least the minimum wage for all work.

## FIRST CLAIM FOR RELIEF
### (for FLSA Overtime and Record Keeping Violations)

55.    Paragraphs 1 – 30 are realleged and incorporated by reference herein.

56.    Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed, and continues to employ, Covered Employees as "employee[s]" within the meaning of the FLSA.  At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

57.    Throughout the statute of limitations period covered by these claims, the Named Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

58.    At all relevant times, Defendant operated under and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

59.    At all relevant times, Defendant willfully, regularly and repeatedly failed, and continues to fail, to pay the Named Plaintiffs and other FLSA Collective Plaintiffs at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

60.    At all relevant times, Defendant willfully, regularly and repeatedly failed, and continues to fail, to make, keep and preserve accurate records required by the FLSA with respect to the Named Plaintiffs and the other FLSA Collective Plaintiffs, including records sufficient to accurately determine the wages and hours of employment pertaining to Named Plaintiffs and other FLSA Collective Plaintiffs.

61.    The Named Plaintiffs and the other FLSA Collective Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, injunctive relief requiring Defendant to cease and desist from its violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as this Court deems just and proper.

## SECOND THROUGH SIXTH CLAIMS FOR RELIEF- CALIFORNIA STATE LAW CLAIMS
**(Brought by California Plaintiffs on behalf of Themselves and the California Class)**

## SECOND CLAIM FOR RELIEF
### (California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

62.    The California Plaintiffs, on behalf of themselves and the California Class, reallege and incorporate by reference paragraphs 1-27 and 31-38 herein.

63.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

64.    Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendant's conduct as herein alleged has damaged the California Plaintiffs and the California Class by wrongfully denying them their earned wages, and therefore was substantially injurious to the California Class members.

65.    Defendant's course of conduct, acts, and practices in violation of California laws constitute a separate and independent violation of the UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

66.    The harm to the California Plaintiffs and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute unfair business practices or acts within the meaning of the UCL.

67.    The unlawful and unfair business practices and acts of Defendant, as described above, have injured the California Plaintiffs and the California Class in that

they were wrongfully denied the payment of earned compensation, both at their regular rate and overtime wages.

68.   The California Plaintiffs and the California Class seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and applicable law.

69.   The California Plaintiffs and the California Class seek damages in the amount of their respective unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week and/or 8 hours per day, attorneys' fees, and cost of suit and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (California Overtime Provisions
### Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, and 1194.5)

70.   The California Plaintiffs, on behalf of themselves and the California Class, reallege and incorporate by reference paragraphs 1-27 and 31-38 herein.

71.   It is unlawful under California law for an employer to suffer or permit an employee to work without paying wages for all hours worked, including overtime wages for work in excess of eight (8) hour workdays and/or forty (40) hour workweeks.

72.   The California Plaintiffs and the California Class were not properly compensated for hours that they worked in excess of eight (8) hours per weekday and/or forty (40) hours per week.

73.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and the California Class have sustained damages, including loss of earnings, in an amount to be established at trial.

74.     The California Plaintiffs and the California Class seek damages in the amount of the respective unpaid overtime compensation, plus penalties, as provided by state law, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and such other legal and equitable relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (California Waiting Period Penalties, Cal. Labor Code §§ 201-203)

75.     The California Plaintiffs, on behalf of themselves and the California Class, reallege and incorporate by reference paragraphs 1-27 and 31-38 herein.

76.     A California employer must compensate an employee that terminates his employment not later than 72 hours thereafter.

77.     Defendant failed to pay the California Plaintiffs and members of the California Class whose employment terminated the overtime compensation they were owed within 72 hours of the termination of their employment.

78.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and the California Class have sustained damages, including loss of earnings, in an amount to be established at trial.

79.     The California Plaintiffs and the California Class are entitled to seek penalties under Labor Code § 203 equal to their regular rate of pay for a period of 30 days.

## FIFTH CLAIM FOR RELIEF
### (California Record-Keeping Provisions,
### Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, & 1174.5)

80.     The California Plaintiffs, on behalf of themselves and the California Class, reallege and incorporate by reference paragraphs 1-27 and 31-38 herein.

81.    By failing to record, report, and/or compensate the California Plaintiffs and the California Class for compensable time performed before and after their regularly scheduled shifts, Defendant has failed knowingly and intentionally to make, keep, maintain, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of Labor Code §§ 226(a), 1174(d) and the Industrial Welfare Commission ("IWC") Wage Orders.

82.    The California Plaintiffs and the California Class are entitled to, and seek, injunctive relief requiring Defendant to comply with Cal. Labor Code §§ 226(a) and 1174(d), and further seek penalties under Cal. Labor Code §§ 226(c) and 1174.5, including the greater of all actual damages or one hundred dollars ($100) for the initial pay period in which a violation occurred and two hundred dollars ($200) per employee for each violation in a subsequent pay period.

### SIXTH CLAIM FOR RELIEF
**(California Meal and Rest Period Provisions, Record-Keeping Provisions, Cal. Labor Code §§ 226.7 & 512, Cal. Wage Order No. 4)**

83.    The California Plaintiffs, on behalf of themselves and the California Class, reallege and incorporate by reference paragraphs 1-27 and 31-38 herein.

84.    Defendant failed to provide the California Plaintiffs and the California Class with a half-hour meal break for every work period of more than five hours per day, and a ten minute rest period for every four hours worked, in violation of Cal. Labor Code § 512 and IWC Wage Order No. 4.

85.     Under Labor Code §§ 2267.7, the California Plaintiffs and the California Class are entitled to one additional hour's pay at the Plaintiffs' regular rate of compensation for each meal or rest period not provided.

## SEVENTH AND EIGHTH CLAIMS FOR RELIEF – NEW YORK STATE LAW CLAIMS
### (Brought on Behalf of New York Plaintiffs and New York Class Members)

## SEVENTH CLAIM FOR RELIEF
### (For Unpaid Overtime under New York Labor Law, §§190 *et seq.* and §§ 650 *et seq.*, and 12 N.Y.C.R.R. Part 142)

86.     The New York Plaintiffs, on behalf of themselves and all members of the New York Class, reallege and incorporate by reference paragraphs 1-27 and 39-46 herein.

87.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of New York Labor Law § 651.

88.     At all relevant times, Defendant has employed, and continues to employ, employees, including the New York Plaintiffs and the other members of the New York Class.

89.     The New York Plaintiffs and the other members of the New York Class regularly worked more than 40 hours per week.

90.     New York labor laws require employers, such as Defendant, to pay overtime compensation to all non-exempt employees who work in excess of 40 hours per week.

91.     The New York Plaintiffs and the other members of the New York Class are non-exempt employees entitled to be paid overtime compensation for all hours worked in excess of 40 hours per week.

92.     At all relevant times, Defendant had a policy and practice of failing and

refusing to pay overtime pay to the New York Plaintiffs and the other members of the

New York Class for their hours worked in excess of forty hours per week.

93.     The foregoing conduct, as alleged, violates the New York Minimum Wage

Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et*

*seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

94.     The New York Plaintiffs, on behalf of themselves and the other members

of the New York Class, seek the amount of their underpayments based on Defendant's

failure to pay one and one half times the regular rate of pay for work performed in excess

of forty hours per week, as provided by New York's labor laws, liquidated damages equal

to twenty-five percent of the total of any underpayments pursuant to Labor Law § 663(1),

and such other legal and equitable relief from Defendant's unlawful and willful conduct

as the Court deems just and proper.

95.     The New York Plaintiffs, on behalf of themselves and the other members

of the New York Class, seek recovery of attorneys' fees and costs of this action to be paid

by Defendant, as provided by New York Labor Law § 663(1).

### EIGHTH CLAIM FOR RELIEF
**(For Spread-of-Hours Compensation under New York Labor Law,**
**§ 650 *et seq.*, § 190 *et seq.*, and 12 N.Y.C.R.R. Part 142)**

96.     The New York Plaintiffs, on behalf of themselves and all members of the

New York Class, reallege and incorporate by reference paragraphs 1-27 and 39-46 herein.

97.     At all relevant times, Defendant has been, and continues to be,

"employers" within the meaning of New York Labor Law § 651.

98.     At all relevant times, Defendant has employed, and continues to employ,

employees, including the New York Plaintiffs and the other members of the New York

Class.

99.     The New York Plaintiffs and the other members of the New York Class regularly worked shifts of greater than ten hours per day.

100.    New York labor laws require employers, such as Defendant, to pay "spread of hours" compensation to all non-exempt employees who work in excess of 10 hours per day.

101.    The New York Plaintiffs and the other members of the New York Class are non-exempt employees entitled to be paid "spread of hours" compensation for each day that they worked in excess of 10 hours.

102.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay "spread of hours" compensation to the New York Plaintiffs and to the other members of the New York Class for hours worked in excess of 10 hours per day.

103.    The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq*., the New York Wage Payment Act, Labor Law § 190 *et seq*., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

104.    The New York Plaintiffs, on behalf of themselves and the other members of the New York Class, seek the amount of their underpayments based on Defendant's failure to pay "spread of hours" compensation for work performed in excess of 10 hours per day, as provided by New York's labor laws, liquidated damages equal to twenty-five percent of the total of any underpayments pursuant to Labor Law § 663(1), and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

105.    The New York Plaintiffs, on behalf of themselves and the other members

of the New York Class, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by New York Labor Law § 663(1).

### NINTH CLAIM FOR RELIEF
**(Illinois State Law Claims**
**Brought on Behalf of Illinois Plaintiff and Illinois Class Members)**

106.    The Illinois Plaintiff, on behalf of himself and the Illinois Class, realleges and incorporates by reference paragraphs 1-27 and 47-54.

107.    At all relevant times, Defendant has employed, and continues to employ, the Illinois Plaintiff and Illinois Class members as "employee[s]" within the meaning of the IMWL.

108.    Throughout the Illinois Class Period, the Illinois Plaintiff and the Illinois Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

109.    At all relevant times, Defendant has had, and continues to have, policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Illinois Plaintiff and Illinois Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the IMWL.

110.    At all relevant times, Defendant, through its policies and practices described above, willfully violated the IMWL throughout the Illinois Class Period as follows:

a.      By failing to pay the Illinois Plaintiff and Illinois Class members overtime compensation for hours of work they performed for Defendant in excess of 40 hours per week;

b.      By failing to make, keep and preserve accurate time records with respect to the Illinois Plaintiff and Illinois Class members sufficient to determine their wages and hours; and

c.      By other practices in violation of the IMWL.

111.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the IMWL.

112.    Defendant willfully failed to pay Illinois Plaintiff and Illinois Class members all wages owed to them, in violation of Ill. Rev. Stat., ch. 820, para. 115/4.

113.    As set forth above, the Illinois Plaintiff and Illinois Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Illinois Plaintiff, on behalf of himself and the Illinois Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under IMWL, Illinois Plaintiff and the Illinois Class are entitled to liquidated damages equal to 2% liquidated for each month which payments remain unpaid.

114.    Illinois Plaintiff, on behalf of himself and the Illinois Class, seeks recovery of their attorneys' fees and the costs of this action to be paid by Defendant, pursuant to IMWL.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs on behalf of themselves and the other FLSA Collective Action Plaintiffs, California Class members, New York Class members, and Illinois Class members, pray for relief as follows:

A.     A declaratory judgment that the practices complained of herein are unlawful under FLSA and the various California, New York, and Illinois state laws;

B.     Certification of the FLSA Claim as a collective action brought pursuant to FLSA § 216(b) on behalf of all Covered Employees;

C.     Designation of Named Plaintiffs Coultrip, Chenault, Hadley, Higgs, Albarran, Boal, and Cohen as representatives of the Covered Employees as to the FLSA Collective Action;

D.     Certification of the California State Law Claims as a class action pursuant to FRCP 23 on behalf of the proposed California Class;

E.     Designation of Albarran, Oblitas-Rios, and Boal as representatives of the California Class;

F.     Certification of the New York State Law Claims as a class action pursuant to FRCP 23 on behalf of the proposed New York Class;

G.     Designation of Jeter and Cohen as representatives of the New York Class;

H.     Certification of the Illinois State Law Claim as a class action pursuant to FRCP 23 on behalf of the proposed Illinois Class;

I.     Designation of Anthony Coultrip as a representative of the Illinois Class;

    J.  Designation of Plaintiffs' counsel as Counsel for the FLSA Collective Class, the California State Law Class, the New York State Law Class, and the Illinois State Law Class, except counsel for Jeter solely seeks designation as Counsel for the New York State Law Class and counsel for Oblitas-Rios solely seeks designation as Counsel for the California State Law Class;

    K.  An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    L.  An award of damages, according to proof, including unpaid minimum wages and overtime compensation and liquidated damages, to be paid by Defendant;

    M.  Penalties available under applicable law;

    N.  Costs of action incurred herein, including expert fees;

    O.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and applicable state statutes;

    P.  Pre-Judgment and post-judgment interest, as provided by law; and

    Q.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  April 1, 2011
      New York, New York

 

Respectfully submitted,

EMERY CELLI BRINCKERHOFF
  & ABADY LLP

By:

Matthew D. Brinckerhoff
Elizabeth S. Saylor
Samuel Shapiro
75 Rockefeller Plaza, 20th Fl.
New York, New York 10019
Tel.: (212) 763-5000
Fax: (212) 763-5001

| | |
|---|---|
| Charles Joseph | Christopher Bruce Hitchcock |
| Michael Palmer | HITCHCOCK & CUMMINGS LLC |
| Daniel Maimon Kirschenbaum | 757 Third Avenue, 25th Fl. |
| JOSEPH & HERZFELD, LLP | New York, New York 10017 |
| 233 Broadway, 5th Fl. | Tel.: (212) 688-3025 x25 |
| New York, New York 10279 | Fax: (212) 688-3040 |
| Tel.: (212) 688-5640 | |
| Fax: (212) 688-2548 | |
| | |
| Christopher A. Seeger | Eric B. Kingsley* |
| Christopher M. Van de Kieft | KINGSLEY & KINGSLEY |
| Stephen A. Weiss | City National Bank Building |
| SEEGER WEISS LLP | 16133 Ventura Boulevard, Suite 1200 |
| One William Street | Encino, California 91436 |
| New York, New York 10004 | Tel.: (818) 990-8300 |
| Tel.: (212) 584-0700 | Fax: (818) 990-2903 |
| Fax: (212) 584-0799 | |
| | |
| Ira Spiro* | James A. Jones* |
| Gregory N. Karasik | BRUCKNER BURCH PLLC |
| SPIRO MOSS BARNESS LLP | 1415 Louisiana Street |
| 11377 West Olympic Boulevard, 5th Floor | Suite 2125 |
| Los Angeles, California 90064 | Houston, Texas 77002 |
| Tel.: (310) 235-2468 | Tel: (713) 877-8788 |
| Fax: (310) 235-2456 | Fax: (713) 877-8065 |
| | Tel.: (214) 720-2009 |
| | Fax: (214) 720-2291 |

Steven Lance Wittels
SANFORD WITTELS & HEISLER, LLP
1350 Avenue of the Americas
31st Floor
New York, New York 10019
Tel.: (646) 723-2947
Fax: (646) 723-2948

*Attorneys for Named Plaintiffs except Jeter*
*and Oblitas-Rios; FLSA collective action*
*members; and California, New York and*
*Illinois putative class members*

Daniel A. Osborn
Adrianne J. Leven
OSBORN LAW, P.C.
295 Madison Avenue, 39th Fl.
New York, New York 10017
Tel.: (212) 725-9800
Fax: (212) 725-9808
*Attorneys for Plaintiff Jeter*
*and New York putative class members*

Michael D. Singer*
Timothy D. Cohelan*
J. Jason Hill*
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, California 92101
Tel.: (619) 595-3001
Fax: (619) 595-3000

Roger R. Carter
THE CARTER LAW FIRM
2030 Main Street, 13th Fl.
Irvine, California 92614
Tel.: (949) 260-4737
Fax: (949) 260-4754

*Attorneys for Plaintiff Oblitas-Rios*
*and California putative class members*

* Admitted Pro Hac Vice