## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY COULTRIP, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>PFIZER INC.,<br><br>               Defendant. | No. 06-cv-09952-JCF<br><br>**ANSWER TO FIRST CONSOLIDATED<br>COMPLAINT** |

Defendant Pfizer, Inc. ("Pfizer"), by and through its undersigned counsel, hereby files its Answer and Affirmative and Other Defenses to Plaintiffs' First Consolidated Complaint, and states as follows:

1.      Admitted in part; denied in part. Pfizer admits that Named Plaintiffs, as set forth, purport to proceed as set forth in Paragraph 1. Pfizer admits that Named Plaintiffs are former employees employed by Pfizer. Pfizer denies that Named Plaintiffs have a valid cause of action against it. In fact, Pfizer denies that it improperly classified Named Plaintiffs or other "Covered Employees." Rather, Pfizer states that it properly classified these employees as exempt from the overtime requirements of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), as well as other state wage laws. Accordingly, although Pfizer admits that these employees did not receive overtime pay, it denies that they were entitled to it. Pfizer denies any remaining allegations in Paragraph 1.

2.      Admitted in part; denied in part. Pfizer admits that Named Plaintiffs purport to represent those employees listed and included within the terms "Covered Employees" and "Covered Positions," as used in Paragraph 2. Pfizer, however, denies that it misclassified these

current and former employees under the FLSA or any relevant state wage laws. Pfizer further denies that Named Plaintiffs can adequately represent employees within those positions and further denies that the Named Plaintiffs are similarly situated to employees in those positions. Pfizer also denies that these positions are similarly situated to one another or that there are other employees and/or positions performing substantially the same work as those employees with the listed titles. Pfizer denies any remaining allegations in Paragraph 2.

3.      The allegations contained in Paragraph 3 do not require a responsive pleading. To the extent a response is required, Pfizer denies the allegations contained in Paragraph 3.

4.      Pfizer denies that Named Plaintiffs may disavow their burdens of pleading, proof, or persuasions.  In fact, Plaintiffs generally bear those burdens except where the law indicates otherwise.  Pfizer denies any remaining allegations in Paragraph 4.

5.      Admitted in part; denied in part. Pfizer admits that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Named Plaintiffs have brought this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Pfizer denies that Named Plaintiffs have a viable cause of action under the FLSA. Pfizer further denies that this Court has supplemental jurisdiction over Named Plaintiffs' state claims, presently consisting of the laws of California, Illinois, and New York, or any other state.  Pfizer also denies that the state law claims are related to this action such as to form part of the same case or controversy under Article III of the United States Constitution. Pfizer denies any remaining allegations in Paragraph 5.

6.      Admitted.

7.      Admitted.

8.     Admitted in part; denied in part. Pfizer admits that Named Plaintiffs purport to demand a jury trial. Pfizer denies any remaining allegations in Paragraph 8.

9.     Admitted.

10.     Admitted in part; denied in part. Pfizer admits that Mr. Coultrip began working as a Healthcare Representative I in Illinois with the Pfizer Alta Division of Pfizer Pharmaceuticals on July 4, 2003. Pfizer denies that his employment terminated on December 15, 2005. Pfizer also denies that it promoted Mr. Coultrip to Professional Healthcare Representative in June 2005. Moreover, although Pfizer admits that Mr. Coultrip did not receive overtime compensation, Pfizer denies that he was in fact entitled to it as Pfizer properly classified him as an exempt employee not subject to overtime pay. Pfizer denies the remaining allegations contained in Paragraph 10 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

11.     Admitted in part; denied in part. Pfizer admits that Mr. Chenault's employment terminated on or about May 22, 2006. Pfizer also admits that Mr. Chenault worked for Pfizer in Wisconsin. Moreover, although Pfizer admits that Mr. Chenault did not receive overtime compensation, Pfizer denies that he was in fact entitled to it as Pfizer properly classified him as an exempt employee not subject to overtime pay. Pfizer denies the remaining allegations contained in Paragraph 11 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

12.     Admitted in part; denied in part. Pfizer admits that it employed Mr. Hadley from 1991 through June 14, 2006, at which time Mr. Hadley began a leave of absence as a due to long term disability. Pfizer admits that Mr. Hadley's last known address of residence was Pennsylvania. Pfizer admits that Mr. Hadley worked in New York from 1991 through 1996.

Pfizer also admits that Mr. Hadley worked in Pennsylvania from January 1, 1997 through January 1, 1998, and after January 1, 2001, but it denies that he worked in Pennsylvania at all other relevant times. Pfizer further admits that Mr. Hadley was hired as a Professional Healthcare Representative, but it denies that he was made a Specialty Representative in 1997. Pfizer also denies that Mr. Hadley became a Territory Sales Consultant in May 2006. Moreover, although Pfizer admits that Mr. Hadley did not receive overtime compensation, Pfizer denies that he was in fact entitled to it as Pfizer properly classified him as an exempt employee not subject to overtime pay. Pfizer denies the remaining allegations contained in Paragraph 12 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

13.    Admitted in part; denied in part. Pfizer admits that it hired Ms. Higgs as a Sales Representative and that she was a Pennsylvania resident during her employment with Pfizer. Pfizer also admits that Ms. Higgs began working for Pfizer on or about July 23, 1984. Pfizer further admits that she performed in a representative and/or consultant capacity during her employment with Pfizer. Pfizer also admits that her position title changed several times due to promotions. Lastly, although Pfizer admits that Ms. Higgs did not receive overtime compensation, Pfizer denies that she was in fact entitled to it as Pfizer properly classified her as an exempt employee not subject to overtime pay. Pfizer also denies that Ms. Higgs was a Senior Professional Health Consultant from 2003 until June 22, 2006 or that her employment ended on or about June 22, 2006. Pfizer denies the remaining allegations contained in Paragraph 13 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

14.     Admitted in part; denied in part. Pfizer admits that Mr. Albarran began working for Pfizer on April 16, 2004, resigned on September 22, 2006, and his termination became effective on October 7, 2006. Pfizer also admits that Mr. Albarran's title was Healthcare Representative I. Moreover, although Pfizer admits that Mr. Albarran did not receive overtime compensation, Pfizer denies that he was in fact entitled to it as Pfizer properly classified him as an exempt employee not subject to overtime pay. Pfizer denies the remaining allegations contained in Paragraph 14 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

15.     Admitted in part; denied in part. Pfizer admits that Ms. Jeter was employed as a representative by Pfizer from November 2001 to 2007, that Ms. Jeter was originally employed in Illinois from November 2001 to September 1, 2003 and in California from September 1, 2003 to July 2006 and relocated to New York City on or about July 16, 2006. Pfizer also admits that Ms. Jeter's title as of the end date of her employment was Specialty Representative II ("TSR II"). Pfizer denies the remaining allegations contained in Paragraph 15 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

16.     Admitted in part; denied in part.   Pfizer admits that Mr. Oblitas-Rios was employed by Pfizer from 1999 to 2005 and that Mr. Oblitas-Rios was a California resident during his employment.  Pfizer also admits that Mr. Oblitas-Rios' title as of the end date of his employment was Professional Healthcare Representative I.   Pfizer denies the remaining allegations contained in Paragraph 16 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

17.     Admitted in part; denied in part.  Pfizer admits that Ms. Boal was employed by Pfizer from July 13, 2001 to 2005 and that Ms. Boal was a California resident during her employment.  Pfizer also admits that Ms. Boal held the job titles of Healthcare Representative I and Healthcare Representative II during her employment. Pfizer denies the remaining allegations contained in Paragraph 17 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

18.     Admitted in part; denied in part.  Pfizer admits that Ms. Cohen was employed by Pfizer from July 2002 to 2007 and that Ms. Cohen was a New York resident during her employment.  Pfizer also admits that Ms. Boal held the job tiles of Healthcare Representative and Professional Healthcare Representative during her employment.  Pfizer denies the remaining allegations contained in Paragraph 18 either because they are factually inaccurate or because Pfizer lacks information sufficient to form a belief as to the truth of the allegations.

19.     The allegations contained in Paragraph 19 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Pfizer denies the allegations.

20.     Admitted in part; denied in part. Pfizer admits that these individuals purport to bring this action as plaintiffs but denies that they have a valid cause of action.  Pfizer denies any remaining allegations in Paragraph 20.

21.     Admitted.

22.     Denied.

23.     Denied as stated. Pfizer admits that it paid Named Plaintiffs a salary plus bonus for work performed.

24.     Denied.

25.    Admitted in part; denied in part. Pfizer admits that it employed Named Plaintiffs. Pfizer lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Named Plaintiffs worked over 40 hours per week and eight hours per day on a regular basis and, therefore, denies the allegations. Pfizer denies any remaining allegations in Paragraph 25.

26.    Denied.

27.    Denied.

28.    Admitted in part; denied in part. Pfizer admits that Named Plaintiffs purport to proceed as set forth in Paragraph 28. Pfizer denies, however, that this case is properly asserted as a collective action, that Named Plaintiffs have a valid cause of action in any respect, or that they are otherwise entitled to any of the relief referenced in Paragraph 28.

29.    Denied.

30.    Denied.

31.    Admitted in part; denied in part. Pfizer admits that California Plaintiffs purport to proceed as set forth in Paragraph 31. Pfizer denies, however, that this case is properly asserted as a Rule 23 class action, that California Plaintiffs have a valid cause of action in any respect, or that they are otherwise entitled to any of the relief referenced in Paragraph 31.

32.    Admitted in part; denied in part.  Pfizer admits that California Plaintiffs purport to represent those employees included within the term "California Class" as used in Paragraph 32. Pfizer denies the remaining allegations in Paragraph 32.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.     Denied.

38.     Denied.

39.     Admitted in part; denied in part.  Pfizer admits that New York Plaintiffs purport to proceed as set forth in Paragraph 39. Pfizer denies, however, that this case is properly asserted as a Rule 23 class action, that New York Plaintiffs have a valid cause of action in any respect, or that they are otherwise entitled to any of the relief referenced in Paragraph 39.

40.     Admitted in part; denied in part.  Pfizer admits that New York Plaintiffs purport to represent those employees included within the term "New York Class" as used in Paragraph 40.  Pfizer denies the remaining allegations in Paragraph 40.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Admitted in part; denied in part.  Pfizer admits that Mr. Coultrip purports to proceed as set forth in Paragraph 47. Pfizer denies, however, that this case is properly asserted as a Rule 23 class action, that Mr. Coultrip has a valid cause of action in any respect, or that he is otherwise entitled to any of the relief referenced in Paragraph 47.

48.     Admitted in part; denied in part.  Pfizer admits that Mr. Coultrip purports to represent those employees included within the term "Illinois Class" as used in Paragraph 48. Pfizer denies the remaining allegations in Paragraph 48.

49.     Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Pfizer incorporates its answers to Paragraphs 1-30 as if stated fully herein.

56.    Admitted in part; denied in part. To the extent that the allegations in Paragraph 56 are conclusions of law, no responsive pleading is required. Pfizer states by way of further answer that Named Plaintiffs were employees under the FLSA but denies that they were improperly classified or entitled to overtime pay. Pfizer admits that it had gross operating revenues in excess of $500,000. Pfizer denies any remaining allegations in Paragraph 56.

57.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Named Plaintiffs regularly worked in excess of forty hours per workweek and, therefore, denies this allegation.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Admitted in part; denied in part. Pfizer admits that Named Plaintiffs seek the relief set forth in Paragraph 61. Pfizer denies that Named Plaintiffs are in fact entitled to any such relief.

62.    Pfizer incorporates its answers to Paragraphs 1-27 and 31-38 as if stated fully herein.

63.    Denied.

9

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Admitted in part; denied in part.  Pfizer admits that California Plaintiffs seek the relief set forth in Paragraph 68.  Pfizer denies that they are in fact entitled to any such relief.

69.    Admitted in part; denied in part. Pfizer admits that California Plaintiffs seek the relief set forth in Paragraph 69.  Pfizer denies that they are in fact entitled to any such relief. Pfizer denies the remaining allegations in Paragraph 69.

70.    Pfizer incorporates its answers to Paragraphs 1-27 and 31-38 as if stated fully herein.

71.    The allegations in Paragraph 71 are conclusions of law to which no responsive pleading is required. By way of further answer, Pfizer states that Named Plaintiffs' paraphrase of California law, as stated, is incorrect and therefore denies this allegation.

72.    Denied.

73.    Denied.

74.    Admitted in part; denied in part. Pfizer admits that California Plaintiffs seek the relief set forth in Paragraph 74. Pfizer denies that they are in fact entitled to any such relief.

75.    Pfizer incorporates its answers to Paragraphs 1-27 and 31-38 as if stated fully herein.

76.    The allegations in Paragraph 76 are conclusions of law to which no responsive pleading is required. By way of further answer, Pfizer states that Named Plaintiffs' paraphrase of California law, as stated, is incorrect and therefore denies this allegation.

77.    Denied.

78.    Denied.

79.    The allegations contained in Paragraph 79 are conclusions of law to which no responsive pleading is required.

80.    Pfizer incorporates its answers to Paragraphs 1-27 and 31-38 as if stated fully herein.

81.    Denied.

82.    Denied.

83.    Pfizer incorporates its answers to Paragraphs 1-27 and 31-38 as if stated fully herein.

84.    Denied.

85.    Denied.

86.    Pfizer incorporates its answers to Paragraphs 1-27 and 39-46 as if stated fully herein.

87.    The allegations in Paragraph 87 are conclusions of law to which no responsive pleading is required.

88.    Admitted in part; denied in part. Pfizer admits that it has employed, and continues to employ, employees and admits that Pfizer previously employed New York Plaintiffs. Pfizer lacks knowledge or information sufficient to support a belief as to the truth of the allegation that Pfizer has employed, and continues to employ, members of the New York Class, and therefore denies this allegation.

89.    Pfizer lacks information sufficient to form a belief as to the truth of the allegation in Paragraph 89, and therefore denies this allegation.

90.     The allegations in Paragraph 90 are conclusions of law to which no response is required.  By way of further answer, Pfizer states that Named Plaintiffs' paraphrase of New York law, as stated, is incorrect and therefore denies this allegation.

91.     Denied.

92.     Admitted in part; denied in part. Pfizer admits that it did not pay New York Plaintiffs overtime pay for hours worked in excess of 40.  Pfizer denies that it was required to pay overtime to New York Plaintiffs pursuant to New York State law.  Pfizer denies any remaining allegations in Paragraph 92.

93.     Denied.

94.     Admitted in part; denied in part.  Pfizer admits that New York Plaintiffs seek the relief set forth in Paragraph 94. Pfizer denies that they are in fact entitled to any such relief.

95.     Admitted in part; denied in part.  Pfizer admits that New York Plaintiffs seek the relief set forth in Paragraph 95. Pfizer denies that they are in fact entitled to any such relief.

96.     Pfizer incorporates its answers to Paragraphs 1-27 and 39-46 as if stated fully herein.

97.     The allegations in Paragraph 97 are conclusions of law to which no responsive pleading is required.

98.     Admitted in part; denied in part. Pfizer admits that it has employed, and continues to employ, employees and admits that Pfizer previously employed New York Plaintiffs.  Pfizer lacks knowledge or information sufficient to support a belief as to the truth of the allegation that Pfizer has employed, and continues to employ, members of the New York Class, and therefore denies this allegation.

99.     Denied.

100.   The allegations in Paragraph 100 are conclusions of law to which no response is required.

101.   Denied.

102.   Admitted in part; denied in part. Pfizer admits that it did not pay New York Plaintiffs "spread of hours" compensation for hours worked in excess of 10 hours per day.  Pfizer denies that was required to pay "spread of hours" compensation to New York Plaintiffs pursuant to New York State law.  Pfizer denies any remaining allegations in Paragraph 101.

103.   Denied.

104.   Admitted in part; denied in part.  Pfizer admits that New York Plaintiffs seek the relief set forth in Paragraph 104. Pfizer denies that they are in fact entitled to any such relief.

105.   Admitted in part; denied in part.  Pfizer admits that New York Plaintiffs seek the relief set forth in Paragraph 105. Pfizer denies that they are in fact entitled to any such relief.

106.   Pfizer incorporates its answers to Paragraphs 1-27 and 47-54 as if stated fully herein.

107.   The allegations contained in Paragraph 107 state a conclusion of law to which no responsive pleading is required.

108.   Pfizer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and therefore denies those allegations.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.    Admitted in part; denied in part. Pfizer admits that the Illinois Plaintiff seeks the relief set forth in Paragraph 113. Pfizer denies that the Illinois Plaintiff sustained any losses as a result of Pfizer's actions and specifically denies that he or anyone is in fact entitled to any of the requested relief.

114.    Admitted in part; denied in part. Pfizer admits that the Illinois Plaintiff seeks the relief set forth in Paragraph 114. Pfizer denies that he is in fact entitled to any such relief.

## PRAYER FOR RELIEF

Pfizer denies that Named Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative and other defenses, Pfizer alleges the following defenses.  In asserting these defenses, Pfizer does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST DEFENSE

As a separate and distinct defense, Pfizer alleges that the First Consolidated Complaint, and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs and the proposed Rule 23 class members' claims are preempted, in whole or in part, by the Fair Labor Standards Act.

## THIRD DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law, and that, alternatively, their claims for equitable relief are barred by the doctrines of waiver, unclean hands, estoppel and/or laches..

## FOURTH DEFENSE

As a separate and distinct defense, Pfizer alleges that to the extent Plaintiffs and proposed class members' claims are based on alleged actions that occurred outside the applicable statutes of limitation under Federal or state law, such claims are barred.

## FIFTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs and all alleged potential class members have been paid and/or received all wages due to them by virtue of their employment with Pfizer.  Moreover, Plaintiffs and all alleged class members are not entitled to overtime compensation because they are exempt from the overtime provisions of the Fair Labor Standards Act and Illinois, California, and New York state law while employed by Pfizer, under one or more exemptions, or combination of exemptions, including but not limited to, the outside sales exemption, administrative exemption, executive exemption, combination exemption, highly compensated employee test and the motor carrier exemption, as they exist and are construed by federal and/or state law.

## SIXTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Illinois Plaintiffs and putative members of the Illinois Class properly were treated as exempt under the Illinois Minimum Wage Law because:  (1) they were paid on a salary basis of more than $250 or $455 per week,

depending on the time period; (2) each individual's primary duties consist of the performance of office or nonmanual work of substantial importance "directly related to management policies or general business operations of the employer or the employer's customers;" and (3) the performance of each individual's primary duty includes work requiring the exercise of discretion and independent judgment.

## SEVENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs and all alleged potential class members properly were treated as exempt under the FLSA and New York law because: (1) they were compensated on a salary or fee basis at a rate of not less than $455 per week; (2) their primary duty consisted of the performance of office or non-manual work directly related to the management or general business operations of Defendant and/or Pfizer's customers; and (3) their primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

## EIGHTH DEFENSE

As a separate and distinct defense, Pfizer alleges that California Plaintiffs and putative members of the California Class properly were treated as exempt under the California Labor Code because they: (1) were paid a salary of at least two times the state's minimum wage during the relevant period, (2) they spent at least one-half of their time performing nonmanual work that is directly related to the management policies or general business operations of Pfizer, (3) their work entailed the customary and regular exercise of independent judgment and discretion.

## NINTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Illinois Plaintiff and putative members of the Illinois Class properly were treated as exempt under the Illinois Minimum Wage

law because they were employed for the purpose of making outside sales, were customarily and regularly engaged away from Pfizer's place or places of business, and did not devote more than 20% of their time to activities other than outside sales.

## TENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs and all alleged potential class members properly were treated as exempt under the FLSA and New York law because they customarily and regularly made sales – as that term is defined by the FLSA and interpretative regulations and judicial opinions – away from Pfizer's place of business.

## ELEVENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that California Plaintiffs and putative members of the California Class properly were treated as exempt under the California Labor Code because they spent more than one-half of their time engaged in selling goods at a location away from Pfizer's place of business.

## TWELFTH DEFENSE

As a separate and distinct defense, Pfizer states that Illinois Plaintiffs and putative members of the Illinois Class were properly treated as exempt under the Illinois Minimum Wage Law because they  performed a combination of exempt duties as set forth in the applicable regulations for executive, administrative, professional, outside sales and/or computer employees.

## THIRTEENTH DEFENSE

As a separate and distinct defense, Pfizer state that Plaintiffs and all alleged potential class members were treated as exempt under the Fair Labor Standards Act and New York law because they performed a combination of exempt duties as set forth in the applicable regulations for executive, administrative, professional, outside sales and/or computer employees.

## FOURTEENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Illinois Plaintiffs and putative members of the Illinois Class properly were treated as exempt under the Illinois Minimum Wage Law because the Secretary of Transportation has the power to establish their qualifications and maximum hours of service pursuant to the provisions of the Motor Carrier Act, 49 U.S.C. § 31502.

## FIFTEENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Illinois Plaintiffs and putative members of the Illinois Class properly were treated as exempt under the Illinois Minimum Wage Law because the State of Illinois has the power to establish their qualifications and maximum hours of service under the provisions of Section 18b-105 (Title 92 of the Illinois Administrative Code, Part 395 - Hours of Service of Drivers) of the Illinois Vehicle Code.

## SIXTEENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs' claims are barred in whole or in part to the extent that their employment is subject to application of the highly compensated worker test for exempt status under 29 C.F.R. § 541.601(a), as discussed at 69 Fed. Reg. 22,174 (Aug. 23, 2004). This defense also may apply to the claims of some or all of the putative class members.

18

### SEVENTEENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs' claims are barred in whole or in part by, among other things, the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, and judicial interpretations of the law. This defense also may apply to the claims of some or all of the putative class members.

### EIGHTEENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7(i) of the FLSA, 29 U.S.C. § 207(i). This defense also may apply to the claims of some or all of the putative class members.

### NINETEENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Pfizer. This defense also may apply to the claims of some or all of the putative class members.

### TWENTIETH DEFENSE

As a separate and distinct defense, Pfizer alleges that, assuming *arguendo*, Plaintiffs are entitled to recover additional compensation on behalf of themselves and/or others, Pfizer has not willfully or intentionally failed to pay such additional compensation, and as such, liquidated

damages should not be awarded and only a two-year statute of limitations should apply under the Fair Labor Standards Act.

### TWENTY-FIRST DEFENSE

As a separate and distinct defense, Pfizer has not willfully failed to pay Plaintiffs any wages, and there is a *bona fide*, good faith dispute with respect to Pfizer's obligation to pay any wages that may be found to be due.

### TWENTY-SECOND DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs do not, and cannot, fairly and adequately represent the interests of the purported classes.

### TWENTY-THIRD DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs' claim for statutory penalties and other damages that are punitive or exemplary in nature is barred because Pfizer acted in good faith and reasonably believed that its conduct was lawful pursuant to the Fair Labor Standards Act, and Illinois, California, and New York state law.  Specifically, Pfizer acted and continues to act in conformity with, and reliance upon, sources including, but not limited to, opinion letters and judicial interpretations of relevant laws relating to the administrative and outside sales exemptions as applied to individuals employed as pharmaceutical sales representatives.

### TWENTY-FOURTH DEFENSE

As a separate and distinct defense, Pfizer alleges that certification of a class or classes, as applied to the facts and circumstances of this case, would constitute a denial of Pfizer's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

### TWENTY-FIFTH DEFENSE

As a separate and distinct defense, Pfizer alleges that this suit may not be properly maintained as a collective action because Plaintiffs and the putative class action members Plaintiffs purport to represent are not similarly situated.

### TWENTY-SIXTH DEFENSE

As a separate and distinct defense, Pfizer alleges that the adjudication of the claims of the putative class action group through generalized class-wide proof violates Pfizer's rights to a trial by jury guaranteed by the United States Constitution.

### TWENTY-SEVENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of their claims.

### TWENTY-EIGHTH DEFENSE

As a separate and distinct defense, Pfizer alleges that the First Consolidated Complaint fails to properly state facts sufficient to entitle Plaintiffs or putative class action group members to any relief, including, but not limited to, its failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiffs beyond pure speculation, its failure to allege facts showing that Plaintiffs have no adequate remedy at law, and its proposal of relief that would impose an undue burden on both Pfizer and the Court and be so uncertain as to be wholly unenforceable.

### TWENTY-NINTH DEFENSE

As a separate and distinct defense, Pfizer states Plaintiffs' claims are barred in whole or in part because Pfizer exercised reasonable care to prevent and correct wage payment and employee misclassification issues, and Plaintiffs unreasonably failed to take advantage of the preventive and corrective opportunities provided, or to avoid harm otherwise. Among other things, Pfizer maintains an "open door" policy and toll-free compliance hotline which Plaintiffs could have used during their employment to report that they believed that Pfizer's pay practices were not in compliance with the FLSA, Illinois, New York, or California state law, or that they otherwise believed that they were not properly paid for all time worked, but failed to do so.

### THIRTIETH DEFENSE

As a separate and distinct defense, Pfizer opposes class certification and disputes the propriety of class action treatment. If the Court certifies a class action in this case over Pfizer's objections, then Pfizer asserts the defenses set forth herein against each and every member of the certified class.

### THIRTY-FIRST DEFENSE

As a separate and distinct defense, Pfizer opposes collective action certification and disputes the propriety of collective action treatment. If the Court certifies a collective action in this case over Pfizer's objections, then Pfizer asserts the defenses set forth herein against each and every member of the certified collective action group.

### THIRTY-SECOND DEFENSE

As a separate and distinct defense, Plaintiffs have not alleged, nor can they establish, facts sufficient to justify an award of costs or attorneys' fees. Illinois Plaintiffs are further barred

from recovering attorneys' fees because they failed to make a written demand of the sum allegedly due and owing pursuant to 705 ILCS 225/1.

## THIRTY-THIRD DEFENSE

As a separate and distinct defense, Illinois Plaintiffs' claim under the Illinois Wage Payment and Collection Act ("IWPCA") is barred because to bring a claim under the IWPCA, a plaintiff must show that she has a right to compensation pursuant to an employment contract or agreement. Illinois Plaintiffs have failed to allege the existence of any agreement or contract under which Pfizer promised to pay compensation to Illinois Plaintiffs, nor does any such contract or agreement exist. As such, Illinois Plaintiffs' claims under the IWPCA are barred.

## THIRTY-FOURTH DEFENSE

As a separate and distinct defense, Pfizer alleges that California Plaintiffs' causes of action for, or based upon, a violation of California Labor Code § 226.7 fails and/or recovery is limited as a matter of law because the one-hour-of-pay remedy for meal and rest period violations is a penalty, not wages, and therefore, the claim has a one year statute of limitations under California Code of Civil Procedure § 340(a).

## THIRTY-FIFTH DEFENSE

As a separate and distinct defense, Pfizer alleges that Plaintiff cannot recover lost wages, penalties or other monetary remedies under California Business and Professions Code §§ 17200 et seq.

## THIRTY-SIXTH DEFENSE

As a separate and distinct defense, this suit may not be properly maintained as a Rule 23 class action because: (1) Plaintiffs have failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the

fair and efficient adjudication of the claims described in the First Consolidated Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the putative classes; (5) Plaintiffs are not proper class representatives; (6) Plaintiffs and their counsel of record are not adequate representatives for the alleged putative classes; (7) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative classes; (9) the alleged putative classes are not ascertainable, nor are their putative members identifiable; and (10) to the extent that the alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

## THIRTY-SEVENTH DEFENSE

As a separate and distinct defense, Pfizer alleges that to the extent that any overtime premiums are owed to Plaintiffs, none being admitted by way of assertion of this affirmative defense, the amount owed to Plaintiffs shall be calculated at a rate of half time, rather than time and one half, pursuant to the doctrine espoused in *Overnight Motor Transportation Co., Inc. v. Missel*, 316 U.S. 572 (1942) and its progeny, and/or 29 C.F.R. § 778.114.

## ADDITIONAL DEFENSES

Pfizer does not presently know all facts with respect to the conduct alleged by Plaintiff sufficient to state all affirmative and other defenses at this time.  Pfizer reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative and other defenses.

**WHEREFORE**, Defendant Pfizer, Inc. requests that this Court dismiss the First Consolidated Complaint with prejudice; that it enter judgment in Pfizer's favor and against Plaintiffs on all counts; that it deny Plaintiffs' request to allow this case to proceed as a collective and/or class action; and that this Court award Pfizer its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate. In the alternative, Pfizer requests that this Court dismiss Plaintiffs' state law claims with prejudice.

Date:   April 15, 2011
        Philadelphia, Pennsylvania

                                    */s/ Kimberly J. Gost*
                                    Kimberly J. Gost (KJG0881)
                                    William J. Simmons (*pro hac vice*)
                                    LITTLER MENDELSON
                                    A Professional Corporation
                                    Three Parkway
                                    1601 Cherry Street, Suite 1400
                                    Philadelphia, PA  19102.1321
                                    267.402.3000
                                    kgost@littler.com
                                    wsimmons@littler.com

                                    Lisa A. Schreter (*pro hac vice*)
                                    Nathan Allen (*pro hac vice*)
                                    LITTLER MENDELSON
                                    A Professional Corporation
                                    3344 Peachtree Road, N.E.
                                    Suite 1500
                                    Atlanta, GA 30326-4803
                                    404.233.0330

                                    Richard W. Black (*pro hac vice*)
                                    LITTLER MENDELSON
                                    A Professional Corporation
                                    1150 17th Street, NW
                                    Suite 900
                                    Washington, DC 20036

                                    Attorneys for Defendant
                                       Pfizer, Inc.

KIMBERLY J. GOST (KJG0881)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant Pfizer, Inc.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
T - 267.402.3000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY COULTRIP, et al., | No. 06-cv-09952-JCF |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| PFIZER INC., | |
| Defendant. | |

William J. Simmons hereby declares and states:

1.      I am not a party to this action, am over the age of eighteen years, and work in

Philadelphia, Pennsylvania.

2.      On April 15, 2011, I served a true and correct copy of the enclosed **Answer to**

**First Consolidated Complaint** via the Court's Electronic Filing System to:

Charles Edward Joseph
Michael Douglas Palmer
Daniel Maimon Kirschenbaum
Joseph, Herzfeld, Hester & Kirschenbaum LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
Fax: (212) 688-2548

Christopher Bruce Hitchcock
Hitchcock & Cummings LLC
757 Third Ave
25th Floor
New York, NY 10017
(212) 688-3025 x25
Fax: (212) 688-3040

Christopher Adam Seeger
Stephen A. Weiss
Christopher Matthew Van de Kieft
Seeger Weiss LLP
1515 Market Street
Suite 1380
Philadelphia, PA 19102
212-584-0700
Fax: 212-584-0799

Matthew D. Brinckerhoff
Elizabeth Sykes Saylor
Jonathan S. Abady
Katherine R. Rosenfeld
Samuel Shapiro
Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza, 20th Flr.
New York, NY 10019
212-763-5065
Fax: 212-763-5001

Eric B. Kingsley
Kingsley & Kingsley
City National Bank Building
7th Floor
16133 Ventura Boulevard
Encino, CA 91436
(818) 990-8300

Ira Spiro
Gregory N. Karasik
Spiro Moss Barness LLP
11377 West Olympic Boulevard, 5th Floor
Los Angeles, CA 90064
(310)-235-2468
Fax: (310)-235-2456

James A. Jones
Gillespie, Rozen, Watsky & Jones, P.C.
3402 Oak Grove Avenue
Suite 200
Dallas, TX 75204
(214) 720-2009
Fax: (214) 720-2291

Steven Lance Wittels
Sanford Wittels & Heisler, LLP
950 Third Avenue
10th Floor
New York, NY 10022
(646)723-2947
Fax: (646)723-2948

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: April 15, 2011
      Philadelphia, Pennsylvania                    William J. Simmons